UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARKIL LIONKING ZULU,

                              Plaintiff,

                                                                       9:15-CV-0595
                  v.                                           (GLS/RFT)

AMBER LASHWAY et al.,

                              Defendants.
_____

APPEARANCES:

ARKIL LIONKING ZULU
96-A-4462
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

GARY L. SHARPE
Chief United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

      This civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") was commenced by pro se plaintiff Arkil LionKing Zulu seeking relief for the alleged violation of his constitutional rights during his confinement at Upstate Correctional Facility ("Upstate C.F.") in 2012.[1]

      In a Decision and Order filed June 15, 2015, the Court considered the sufficiency of plaintiff's complaint in accordance with 28 U.S.C. § 1915A(b). Dkt. No. 7 ("June Order"). On the basis of that review, the Court found that the complaint appeared to be barred by the

---

[1] Plaintiff paid the filing fee and did not seek in forma pauperis status.

three-year statute of limitations applicable to actions pursuant to Section 1983 and, therefore, subject to dismissal. *Id*. at 5-6. In light of his pro se status, prior to dismissing this action the Court afforded plaintiff the opportunity to file an amended complaint demonstrating the timeliness of this action and/or presenting any meritorious tolling arguments. *Id*. at 6-7.

Plaintiff timely submitted an amended complaint in response to the June Order. Dkt. No. 8 ("Am. Compl.").

## II.    DISCUSSION

As alleged in the original complaint, plaintiff was transferred to Upstate C.F. in January 2012. Compl. at 2. Prior to his arrival at Upstate C.F., the medication Gabapentin had been prescribed to treat plaintiff's chronic back pain. *Id*. Plaintiff alleged that medical staff at Upstate C.F. improperly discontinued this medication in January. *Id*. On January 19, 2012, plaintiff wrote a letter to defendant Nurse Practitioner Lashway inquiring as to why the regional medical director had suddenly "suspended" his medication. *Id*. On February 7, 2012, plaintiff complained to Nurse Administrator Smith about the discontinuance of his pain medication and advised that Motrin did not relieve his symptoms. *Id*. Plaintiff submitted two grievances regarding his medical care. *Id*. As a result of defendant Lashway's failure to gradually lower plaintiff's dose before discontinuing his prescription pain medication, plaintiff experienced "grave side effects in addition to chronic back pain." *Id*. at 5. Based upon the foregoing, plaintiff claimed that he was denied proper and adequate medical care in violation of his Eighth Amendment rights.

Upon review, because plaintiff sought redress for the alleged violation of his constitutional rights arising from the discontinuance of his pain medication in January 2012,

the Court concluded that plaintiff's complaint, signed on May 12, 2015, appeared time-barred.  June Order at 5-6.

In his amended complaint, plaintiff restates his claim that his pain medication was improperly discontinued in January 2012 upon his transfer to Upstate C.F.  Am. Compl. at 2. Plaintiff recites his communication to defendant Lashway in January 2012 regarding this change and asking why "the Regional Medical doctor suddenly without notice suspended plaintiff's medication."  *Id*. at 3.[2]  Plaintiff further states, as he did in his original complaint, that he thereafter submitted "formal" complaints to Nurse Lashway and to Nurse Administrator Smith.  *Id*.

With regard to the timeliness of his claims, plaintiff states as follows in the amended complaint:

> The delay in filing this action is excusable because, plaintiff is not a lawyer and I had no access to professional legal counsel or to the prison law library during the statutory period for filing because plaintiff was housed in (SHU) special housing unit.

Am. Compl. at 2-3.

A Section 1983 cause of action accrues "when the plaintiff knows or should know of the injury that is the basis of the cause of action."  *Covington v. City of N.Y.*, 171 F.3d 117, 121 (2d Cir. 1999) (internal quotation marks and citation omitted).  As discussed in the June Order, the doctrine of equitable tolling may be invoked in "rare and exceptional" cases to defeat a defense that the action was not timely filed.  *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007); *see Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) ("'Equitable tolling is an

---

[2]  This allegation would appear to defeat any claim by plaintiff that Nurse Lashway was responsible for the change in his medication, and improperly "over-r[o]de a physician's order."  *See* Am. Compl. at 5.

extraordinary measure that applies only when plaintiff is *prevented from filing* despite exercising that level of diligence which could reasonably be expected in the circumstances.'") (citation omitted).  Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Abbas*, 430 F.3d at 642.[3]

Numerous courts have found that a plaintiff's confinement under circumstances which limit access to the law library, without more, does not qualify as an "extraordinary circumstance" which might warrant equitable tolling.  *See, e.g., Levesque v. Clinton Cnty. NY*, No. 8:14-CV-298 (GLS/CFH), 2015 WL 1924127, at *2 (N.D.N.Y. Apr. 28, 2015) (plaintiff's claim that his placement in "isolation" had significant impact on his ability to prosecute claims not sufficient to toll the limitations period); *McFadden v. Wilhelm*, No. 03 Civ. 8341, 2007 WL 1225345, at *8 (S.D.N.Y. Apr. 24, 2007) (same); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Here, plaintiff's Section 1983 claims accrued when he learned of the injury caused by defendants' alleged misconduct – in January 2012 when his prescription pain medication was discontinued and his chronic pain went untreated.  With respect to this failure to timely file this lawsuit, plaintiff states only that he was confined in SHU during the three-year limitations

---

[3] While New York has codified a number of statutory tolling provisions, imprisonment does not itself act as a toll for prisoners bringing Section 1983 claims.  *See Pinaud v. Cnty. of Suffolk,* 798 F. Supp. 913, 922 (E.D.N.Y. 1992).

period; he has offered no explanation of how that confinement "prevented [him] from filing suit." *Levesque*, 2015 WL 1924127, at *2. Upon review and with due regard for plaintiff's status as a pro se litigant, the Court finds that plaintiff has not alleged sufficient facts in his amended complaint to toll the limitations period.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action is time-barred and is **DISMISSED with prejudice** in accordance with 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

August 4, 2015
Albany, New York

*[Signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court